IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHEILA ANN CHURCHILL                                           PLAINTIFF

V.                                                             CIVIL ACTION NO.
                                                               3:07-CV-116-P-A

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY                                                       DEFENDANT

## REPORT & RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Sheila Ann Churchill for a period of disability and disability insurance benefits under Title II and Supplemental Income (SSI) benefits under Title XVI of the Social Security Act alleging a disability onset date of November 12, 2004. This action is brought pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). The parties have not consented to have a magistrate judge conduct all the proceedings in this case, therefore the undersigned submits this report and recommendation to United States District Judge W. Allen Pepper.

## PROCEDURAL HISTORY

Sheila Ann Churchill filed her application for disability benefits on December 28, 20004, alleging an onset date of disability of November 12, 2004. After her claim was denied twice, Churchill requested a hearing before an administrative law judge (ALJ), which was held on April 2, 2007. On April 10, 2007, the ALJ issued his decision denying the claim. Churchill's request for review by the Appeals Council was denied on July 20, 2007. The Appeals Council's denial of the petition for review perfected the ALJ's decision as the final decision of the Commissioner, which is now ripe for the court's review.

## FACTS

Churchill was born on October 13, 1963, and was 41 years old at the time of the alleged onset of her disability. She completed the ninth grade, but did not receive a GED. Churchill previously worked as sprayer and bandsawer in a furniture factory and as a cook in a nursing home.

In November 2004, Churchill complained of a sudden onset of back pain with no history of traumatic event. R. at 200. Churchill was seen in the emergency room in November and December 2004 and diagnosed with chronic low back pain. R.at 165, 172, 177. Since 2004, Churchill complains of constant low back pain that sometimes shoots down the left leg with occasional bilateral numbness and tingling in the groin. She stated that the numbness is mostly in her toes. R. at 200. A 2003 MRI revealed mild thoracic scoliosis and mild degenerative disc disease with small posterior bulges at T3-4 and T5-6 without significant stenosis. R. at 133. A 2005 MRI, revealed minimal diffuse disc bulges at levels L3-4 and L4-5 without focality or significant stenosis. R. at 195. A 2005 MRI of the cervical spine demonstrated left-sided disc protrusion at the C5-6 level that creates moderate narrowing of the left neural foramen. R. at 183.

Churchill also has a history of pain in her right knee with a history of right knee arthroscopy. R. at 17, 216. She has a history of hypertension, obesity and right rotator cuff problems. R. at 17.

Upon evaluation of the record, the ALJ found Churchill not disabled as of December 28, 2004, and after considering the testimony of a vocational expert as well as Churchill's age, education, work experience, and residual functional capacity, determined that Churchill was

capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

## DISCUSSION

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner,[1] even if it finds that the evidence leans against the Commissioner's decision.[2] If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

In determining disability, the Commissioner, through the ALJ, works through a five-step

---

[1] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[2] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

sequential evaluation process.[3] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[4] First, the plaintiff must prove she is not currently engaged in substantial gainful activity.[5] Second, the Commissioner considers the medical severity of the claimant's impairment.[6] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[7] Fourth, the Commissioner considers their assessment of the claimant's residual functional capacity and the claimant bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[8] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[9] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[10]

---

[3] *See* 20 C.F.R. § 416.920; 20 C.F.R. § 404.1520(2007).

[4] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[5] 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(a)(4)(i)(2007).

[6] 20 C.F.R. § 416.920(a)(4)(ii); 20 C.F.R. § 404.1520(a)(4)(ii)(2007).

[7] 20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. § 404.1520(a)(4)(iii)(2007).

[8] 20 C.F.R. § 416.920(a)(4)(iv); 20 C.F.R. § 404.1520(a)(4)(iv)( 2007).

[9] 20 C.F.R § 416.920(a)(4)(v); 20 C.F.R. § 404.1520(a)(4)(v)(2007).

[10] *Muse*, 925 F.2d at 789.

Churchill alleges that the Commissioner erred in the following two ways:

(1) by making finding of facts not substantiated by the evidence; and
(2) not affording the proper weight to the opinion of the treating physician, Dr. Russell, which was corroborated by the opinion of the consultive physician, Dr. Adams.

The undersigned finds that there was substantial evidence to support the ALJ's determination that the plaintiff's testimony regarding physical limitations and level of pain was less than credible. The objective clinical evidence did not demonstrate significant impairment to meet the standards set forth in the regulations.[11] R. at 17-18. The plaintiff's chief complaint of disability related to her back pain, but the lumbar and thoracic MRIs revealed no severe impairment or abnormalities of the spine. R. at 195, 200, 251. Her physical examinations demonstrated negative straight leg tests on multiple occasions. R. at 165, 172, 201-2. Dr. Adams' examination of the plaintiff revealed no sensory or motor deficits and normal reflexes in both the upper and lower extremities. R. at 202. Upon Dr. Adams' examination she had 5/5 grip, biceps, triceps, foot plantar flexion strength; in addition to full range of motion and good manual dexterity . R. at 202. Dr. Adams noted that although the plaintiff complained of radiculopathy symptoms, his physical examination of the plaintiff did not support a diagnosis of lumbar radiculopathy. R. at 202. Finally, the ALJ noted that even though the plaintiff stated that her activities of daily living were restricted,[12] there was nothing in the medical record to support the claim. R. at 19, 253, 259. Consequently, the court finds that there was substantial evidence to support the ALJ's conclusion that the plaintiff' statements regarding her pain and level of functionality were not supported by objective medical evidence.

---

[11] 20 CFR Part 404, Subpart P, Appendix 1. (2008).

[12] R. at 83-85, 253, 259.

Plaintiff next claims that the ALJ erred in failing to accord proper weight to the opinions of plaintiff's treating physician and the consultative physician, with the result that his residual functional capacity assessment was erroneous and unsupported by substantial evidence. The Fifth Circuit has very clearly stated the approach an ALJ must take in according weight to a treating physician's opinion:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e).

*Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)(emphasis in original). The regulations cited in *Newton* also correspond to 20 C.F.R. §§ 416.927(d) and 416.912(e), which are applicable in cases, such as this one, also brought under Title XVI of the Social Security Act. Under 20 C.F.R. § 404.1527(d)[13] the factors to be considered in assessing the opinion of the *treating* physician include such common sense considerations as the length of the treatment relationship, frequency of examination by the physician, the nature and extent of the treatment relationship and the "supportability" of a medical source's opinion by relevant evidence. Section 404.1527(d)(3)[14] specifically defines "supportability" by detailing the approach that should be taken with non-examining medical sources whose opinions are not founded upon direct knowledge of a particular claimant's case:

---

[13] *See* also § 416.927(d).

[14] *See* also § 416.927(d)(3).

6

The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

Section 416.1527(f)(2)(ii)[15] further discusses the role of state agency consultants:

When an administrative law judge considers findings of a State agency medical or psychological consultant or other program physician or psychologist, the administrative law judge will evaluate the findings using relevant factors in paragraphs (a) through (e) of this section, such as the physician's or psychologist's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions. Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

The plaintiff's core argument is that the ALJ rejected the opinions of Dr. Russell and Dr. Adams. Pl. Br. at 6-8. In support of this argument, the plaintiff contends that the hypothetical scenarios that the ALJ presented to the vocational expert in order to determine the plaintiffs residual functional capacity were not based upon Dr. Russell's and Dr. Adams' findings. Pl. Br. at 6-8. The first hypothetical was substantially based upon Dr. Russell's medical source statement. R. at 197-99, 266-67. The second hypothetical added the condition that the individual would have to alternate periods of sitting and standing. R. at 267-68. Under both the first and second hypotheticals the plaintiff would have the RFC to perform a sedentary job, of which there existed significant numbers in Mississippi. R. at 265-66. The third

---

[15] *See* also § 416.927(f)(2)(ii).

7

hypothetical included the limitation noted by Dr. Adams that the individual was unable to stoop. R. at 268. Under the third hypothetical the individual would be unable to work. R. at 268.

The ALJ did consider and accorded some weight to the opinions of Dr. Russell and Dr. Adams. R. at 19. The ALJ noted, however, that he did not accord their assessments full weight because they were based at least partially upon the plaintiff's subjective complaints. R. at 19. Dr. Russell stated that his diagnosis was "somewhat" based on objective findings and his opinion was "somewhat" primarily based upon the plaintiff' subjective complaints. R. at 198. The ALJ primarily based the first hypothetical to the VE upon Dr. Russell's assessment, thus he did accord some weight to Dr. Russell's assessment and did not reject it outright.[16] Dr. Adams, a consultative physician, stated that his diagnoses were not confirmed by objective findings and that his opinion was based primarily on the patient's subjective complaints. R. at 204. The fact that Dr. Adams' opinion was based primarily upon subjective symptoms and not upon objective evidence contained in the medical record, affected the weight that the ALJ could afford his opinion, which is in accordance with the regulations.[17]

Whether this court would have reached the same conclusion as the ALJ is irrelevant; the court's function is not to reweigh the evidence, but to determine whether the decision is supported by substantial evidence as that term has been defined by the Fifth Circuit. The undersigned finds that the ALJ applied the proper standard in according weight to the opinions of Dr. Russell and Dr. Adams and that his opinion is supported by substantial evidence.

The undersigned respectfully recommends that the decision of the Commissioner be

---

[16] As noted above, under the first hypothetical the vocational expert testified that the individual would be able to work a sedentary job of which a significant number existed in Mississippi.

[17] 20 CFR §§ 416.927(f)(2)(ii), 416.1527(f)(2)(ii).

affirmed.

The parties are referred to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72(b) and UNIF. LOC. R. 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. A party's failure to file written objections to the proposed findings, conclusions and recommendation contained herein within ten days after being served with a copy of this report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (footnotes omitted).

Respectfully submitted, this the 24th day of November, 2008.

      /s/ S. ALLAN ALEXANDER
      U. S. MAGISTRATE JUDGE